**Slip Op. 14-117**

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **DONGGUAN SUNRISE FURNITURE CO., LTD., TAICANG SUNRISE WOOD INDUSTRY CO., LTD., TAICANG FAIRMONT DESIGNS FURNITURE CO., LTD., and MEIZHOU SUNRISE FURNITURE CO., LTD.,** | |
| Plaintiffs, | |
| **LONGRANGE FURNITURE CO., LTD.,** | |
| Consolidated Plaintiff, | |
| **COASTER COMPANY OF AMERICA and LANGFANG TIANCHENG FURNITURE CO., LTD.,** | |
| Plaintiff-Intervenors, | |
| v. | **Before: Jane A. Restani, Judge** |
| **UNITED STATES,** | **Consol. Court No. 10-00254** |
| Defendant, | |
| **AMERICAN FURNITURE MANUFACTURERS COMMITTEE FOR LEGAL TRADE and VAUGHAN-BASSETT FURNITURE COMPANY, INC.,** | |
| Defendant-Intervenors. | |

## OPINION

[Defendant-Intervenors' motion for reconsideration in antidumping duty matter denied.]

Dated: October 6 , 2014

Peter J. Koenig, Squire Patton Boggs (US) LLP, of Washington, DC, for plaintiffs.

Lizbeth R. Levinson and Ronald M. Wisla, Kutak Rock LLP, of Washington, DC, for consolidated plaintiff.

Kristin H. Mowry, Jeffrey S. Grimson, Jill A. Cramer, Sarah M. Wyss, and Daniel R. Wilson, Mowry & Grimson, PLLC, of Washington, DC, for plaintiff-intervenors.

Stephen C. Tosini, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the brief were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel on the brief was Rebecca Cantu, Senior Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

J. Michael Taylor, Joseph W. Dorn, and Daniel L. Schneiderman, King & Spalding, LLP, of Washington, DC, for defendant-intervenors.

Restani, Judge: Defendant-intervenors the American Furniture Manufacturers Committee for Legal Trade and Vaughan-Bassett Furniture Co., Inc. (collectively "AFMC") move for reconsideration of the court's decision in Dongguan Sunrise Furniture Co., Ltd. v. United States, 997 F. Supp. 2d 1330 (CIT 2014) ("Dongguan IV"), pursuant to USCIT Rule 59. AFMC's Mot. for Recons. 1, ECF No. 221 ("Mot. for Recons."). In the alternative, AFMC requests that the court remand the case for the Department of Commerce ("Commerce") to make further factual findings. Id. at 9. Plaintiffs Dongguan Sunrise Furniture Co., Ltd., Taicang Sunrise Wood Industry Co., Ltd., Taicang Fairmont Designs Furniture Co., Ltd., and Meizhou Sunrise Furniture Co., Ltd. (collectively "Fairmont") oppose the motion. Reply to Def.-Intvnr. AFMC Mot. for Recons. 1, ECF No. 229.

In Dongguan IV, the court reviewed and remanded to Commerce its Final Results of Third Redetermination Pursuant to Court Order, ECF No. 193-1. The court held that the partial adverse-facts-available ("AFA") rates assigned to Fairmont were not supported by substantial evidence because they were not reflective of Fairmont's commercial reality and were far beyond

the amount necessary to deter future non-compliance.  Dongguan IV, 997 F. Supp. 2d at 1335.

Assuming arguendo that Commerce could uptick the substitute rate based on a specific need to

deter strategic behavior (i.e., failing to report sales with high dumping margins in an attempt to

get a lower rate), the court concluded that using extremely high substitute AFA rates for this

purpose could not be done without a finding that Fairmont actually engaged in such strategic

behavior.  Id. at 1337.

AFMC contends that "[r]econsideration is warranted because the decision [was] based on

erroneous de novo factual findings."  Mot. for Recons. 1.  Specifically, AFMC argues that the

record evidence demonstrates that Fairmont strategically concealed its unreported sales,

presumably to hide sales with high dumping margins, and suggestions to the contrary in the

court's opinion amounted to an impermissible and erroneous finding of fact.  Id. at 2–9.

According to AFMC, the factual predicate for the court's decision thus was mistaken.  Id. at 2.

The court's understanding of the record in this case, namely that Commerce has not

found that Fairmont avoided reporting sales for strategic reasons, long has been apparent.  In the

original challenge to the partial AFA rates in this case, the court accepted only "Commerce's

subjective finding that Fairmont failed to put forth its maximum effort because it performed a

perfunctory identification of in-scope sales" as supported by the record in justifying the

application of AFA to the small portion of sales that Fairmont did not report as in-scope

merchandise.  Dongguan Sunrise Furniture Co., Ltd. v. United States, 865 F. Supp. 2d 1216,

1229 (CIT 2012).  The court noted that Commerce's alternative justification based on certain

correspondence with Fairmont purportedly showing a lack of cooperation beyond general

sloppiness on Fairmont's part was unpersuasive and the court did not rely on it.  Id. at 1231 n.17.

In considering Fairmont's challenge to Commerce's first remand determination, the court stated that "[a] calculated rate of 34% for Fairmont's reported sales suggests that rates ranging from 134% to over 215% are not reflective of Fairmont's commercial reality, <u>especially when there is no indication that Fairmont failed to report certain sales for strategic reasons.</u>" <u>Dongguan Sunrise Furniture Co., Ltd. v. United States</u>, 904 F. Supp. 2d 1359, 1364 (CIT 2013).

Despite the presence in earlier opinions of statements very similar to the ones AFMC now challenges, AFMC never previously objected on this basis. It is only after this case has been remanded for the fourth time that AFMC challenges this reading of the record. "The decision to grant a motion for rehearing rests in the sound discretion of the Court." <u>Xerox Corp. v. United States</u>, 20 CIT 823, 823 (1996). Because AFMC had ample opportunity to raise its concerns about the general context of Commerce's choice previously but failed to do so, the court will not entertain them now. <u>Cf.</u> <u>United States v. Matthews</u>, 32 CIT 1087, 1089, 580 F. Supp. 2d 1347, 1349 (2008) ("[A]rguments raised for the first time on rehearing are not properly before the court for consideration when prior opportunity existed . . . for the moving party to have adequately made its position known." (ellipses in original)).

Obviously, the main holding has been, and continues to be, that the selected rate is not related to Fairmont's actual sales behavior, no matter what led to the lack of full compliance.[1] <u>See</u> <u>Dongguan IV</u>, 997 F. Supp. 2d at 1338. Thus, had the challenge been timely it would be inapposite.

---

[1] It should be noted that even <u>if</u> there were some gamesmanship, the rate selected must be reasonable. It cannot be imposed as a punishment. <u>See</u> <u>Gallant Ocean (Thail.) Co. v. United States</u>, 602 F.3d 1319, 1323 (Fed. Cir. 2010). In this matter that court was not called upon to decide where the line is between deterring strategic behavior and punishment.

For the foregoing reasons, AFMC's motion is DENIED.


                                                    /s/ Jane A. Restani
                                                   Jane A. Restani
                                                        Judge

Dated: October 6 , 2014
          New York, New York